UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARIA QUINTERO, §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>ALLSTATE VEHICLE AND PROPERTY §<br>INSURANCE COMPANY AND DONALD §<br>BATCHELOR §<br>*Defendant* § | CIVIL ACTION NO. 5:19-cv-572 |

**DEFENDANTS' NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and Defendant Donald Batchelor ("Batchelor") hereby remove this lawsuit pursuant to 28 U.S.C. §§ 1332 and 1441, on the grounds of diversity of citizenship and amount in controversy, and respectfully shows the Court as follows:

**I.
FACTUAL BACKGROUND**

1.   On or about April 22, 2019, Plaintiff filed her Original Petition in the 81/218th Judicial District Court of Atascosa County, Texas, Cause No. 19-04-0401-CVA, styled *Maria Quintero v. Allstate Vehicle and Property Insurance Company and Donald Batchelor* in which Plaintiff made a claim for damages to her home under a homeowner's insurance policy with Allstate Vehicle Property Insurance Company. *See* Exhibit A (Plaintiff's Original Petition).

2.   Plaintiff served Defendant Allstate Vehicle Property Insurance Company ("Allstate") with Plaintiff's Original Petition and process on March 2, 2019, by certified mail. *See* Exhibit B (Service of Process).

3. Defendant Batchelor has not yet been served in this citation.

4. The State Court's Record Search including Case History for this matter is attached hereto as Exhibit C.[1]

## II.
## GROUNDS FOR REMOVAL

5. Defendant files this notice of removal within 30 days of being served with Plaintiff's Original Petition. *See* 28 U.S.C. §1446(b).

6. This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal. Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

**A.    Parties are of Diverse**

   **i.  Plaintiff's Citizenship**

7. Plaintiff is, and was at the time the lawsuit was filed, a natural person residing in Atascosa County, TX. For purposes of diversity jurisdiction, evidence of a person's place of residence is prima facie proof of his or her domicile. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id*. Accordingly, Plaintiff is a citizen of the state of Texas for diversity purposes.

### ii. Defendant's Citizenship

8. Defendant, Allstate Vehicle and Property Insurance Company, is a foreign corporation incorporated under the laws of the state of Illinois with its principal place of business in Cook County, Illinois. Accordingly, Defendant is a citizen of Illinois.

### B. Amount in Controversy

9. As discussed below, it is apparent from the face of the Petition that the amount in controversy, based on the facts in controversy contained therein, exceeds $75,000.00. Furthermore, Plaintiff has not provided a proper binding stipulation limiting her recovery to less than $75,000.00 and has not demonstrated to a legal certainty, that she will not be able to recover more that the damages she has pled in her original petition.

10. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

11. If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).

### i. Plaintiff's assertion in her Original Petition that Plaintiff seeks an award between $25,000.00 to $75,000.00 does not control the amount in controversy in this matter.

{00505989}                                                3

12. If a plaintiff's complaint includes a specific amount of damages, that amount will determine the amount in controversy for diversity jurisdiction so long as the plaintiff claimed it in good faith. *YNR LLC Series O v. State Farm Lloyds, Inc.*, EP-17-CV-313-DB, 2017 WL 6065340, at *3 (W.D. Tex. Dec. 6, 2017). "The face of the plaintiff's pleading will not control if made in bad faith." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995).

13. Here, Plaintiff's petition makes the following assertion regarding the amount in controversy:

> Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, it is early in the case to be assessing the full nature and scope of Plaintiffs damages, and Plaintiffs place the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rule of Civil Procedure, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief between $25,000.00 and $75,000.00.

Exhibit A at ¶ 6.

14. Plaintiff has affirmatively pled for monetary relief in an amount between $25,000.00 to $75,000.000. Plaintiff's assertion that the amount Plaintiff seeks is made in bad faith and is an attempt to avoid federal jurisdiction. *See Gutierrez v. Allstate Texas Lloyd's*, EP-16-CV-315-PRM, 2017 WL 3274358, at *2 (W.D. Tex. Jan. 31, 2017) (holding plaintiffs' claim for monetary relief of less than $75,000 was a bad faith attempt to avoid federal jurisdiction). *See Gates v. Allstate Texas Lloyd's*, 267 F. Supp. 3d 861, 868 (W.D. Tex. 2016) (holding the Magistrates Judge's decision to disregard Plaintiffs' pleading for "only monetary relief aggregating less than $75,000" because it violated Rule 47 and was made in bad faith is correct.) "There is no Texas law or rule that would prevent Plaintiffs, if in state court, from seeking or recovering more than the $74,999.00 limit they ostensibly self-impose in their petition." *Id. (*holding the court agrees with the magistrate judge's conclusion that no Texas law would prohibit Plaintiffs from recovering more than $75,000, as well as…the

determination that Plaintiffs failed to meet to meet their "legal certainty" burden.) As such, this amount is not controlling for purposes of determining the amount in controversy. *De Aguilar*, 47 F.3d at 1410.

15. Further, Plaintiff's pleading in state court for monetary relief aggregating less than $75,000.00 is not sufficient to constitute a binding stipulation or affidavit necessary to preclude removal. The Texas Rules of Civil Procedure allow amendments to pleadings such that a petition alleging that a plaintiff will not seek recovery over a certain amount is not binding. *Gates v. Allstate Texas Lloyd's*, 267 F. Supp. 3d 861, 870 (W.D. Tex. 2016). "It is the general rule that the pleadings in a particular case… are to be regarded as judicial admissions…. It is also the general rule that when a pleading has been abandoned, superseded, or amended, it ceases to be a judicial pleading, and therefore ceases to be a judicial admission." Id at 869 (citing Ford v. United Parcel Serv., Inc. (Ohio), 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014). Ultimately, "[b]ecause the allegations of [Plaintiffs'] petition are only binding judicial admissions so long as they are not amended or superseded, they are not sufficient to constitute the kind of 'binding stipulation or affidavit' necessary to preclude removal." *Id* at 870.

16. "In other words, where the plaintiff's claims can be proved to be the type that are worth more than [$75,000.00], they can be removed unless the Plaintiff can show he is legally bound to accept less." *Allen*, 63 F.3d at 1335. A Plaintiff may establish that they are legally bound by identifying a statute of filing a binding stipulation that so limit their recovery. *See De Aguilar*, 47 F.3d at 1410. Here, Plaintiff has not identified a statute limiting her recovery and has not filed a proper binding stipulation. The purported "binding stipulation" in Plaintiff's Original Petition is a mere judicial admission that could later be revoked by simply amending the Original Petition.

    ii. **The facts in controversy support a finding that the amount in controversy exceeds $75,000.00**

17. Based on the facts in controversy, it is clear that the amount in controversy exceeds $75,000.00. To determine the amount in controversy, the court may consider "…penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds,* No. 3;98-CV1288-G, 1999 WL 151667, at 2-3 (N.D. Tex. Mar. 10, 1999)(finding a sufficient amount in controversy in plaintiff's case against his insurance company). "The Court must look to the greatest sum of money for which judgment may be obtained, based on the actual claims in the complaint." *De La Cerda v. Allstate Indem. Co.*, 2008 WL 11416946, at *4 (W.D. Tex. Sept. 30, 2008).

18. Here, Plaintiff's Petition seeks at least the following categories of damages:

- Actual damages;
- Costs of suit;
- Attorney's fees;
- Additional damages under the Texas Deceptive Trade Act not to exceed "three times his economic damages" per the DTPA and Texas Insurance Code; and
- Exemplary damages.

*See* Exhibit A, *generally.*

19. Plaintiff's pleading of damages clearly indicates an amount in controversy greater than the $75,000.00 that Plaintiff asserts in her pleading. *Troiani v. Allstate Ins. Co.,* No. CIV-B-06-00067, 2006 WL 1851378, at *4 (S.D. Tex. July 3, 2006) (finding that the combination of the plaintiff's claim of maximum recovery of $70,000 plus claims for additional attorneys' fees and exemplary damages clearly illustrated that the amount in controversy exceeded $75,000).

20. Further, Plaintiff's own notice/demand letter implicates an amount in controversy that exceeds $75,000.00. *See* Exhibit E (Plaintiff's "Notice Under Texas Insurance Code Sections

541 and 542A.003" letter dated December 24, 2018).  While Plaintiff's December 24, 2018 notice/demand letter does not state an exact amount sought, it does state Plaintiff is entitled to $13,387.29 for damages to Plaintiff's home. *Id*.  Under Plaintiff's Texas Deceptive Trade Act claim alone, this means Plaintiff could recover three times a potential award of $13,387.29 in economic damages.  Should this be the case, the $13,387.29 economic damages Plaintiff alleges she sustained would be $40,161.87.  The December 24, 2018 letter also states Plaintiff is entitled to attorney's fees, which Plaintiff's counsel explicitly states will exceed $45,000.00. *Id*.  Notably, Plaintiff's counsel specifically states this amount does <u>not</u> include attorney's fees likely to be incurred in the appellate courts. *Id*.  Importantly, said letter and Plaintiff's Petition allege fraud which would potentially entitle Plaintiff with exemplary damages above and beyond the economic damages Plaintiff seeks.  *See* <u>Exhibit E</u>; *see* <u>Exhibit A</u>.  Moreover, said letter does not take into account interest accrued on the claim since the date of said notice letter. *Id*.  Thus, Plaintiff's own notice/demand letter clearly shows that the amount in controversy in this matter is likely to exceed $75,000.00.

21.     In addition to the foregoing, Plaintiff's insurance policy implicates that the value of the underlying claim is in excess of the jurisdictional limits.  Specifically, in determining the amount in controversy relative to coverage under an insurance policy, the Fifth Circuit in *St. Paul Reinsurance Co. v. Greenberg,* defined the "object of the litigation" as the "value of the right to be protected." 134 F. 3d 1250 (5th Cir. 1998)(declaratory judgment action); *see also Noyola v. State Farm Lloyds,* No. 7:13-CV-146, 2013 WL 3353963 (W.D. Tex. 2013)(applying *St. Paul Reinsurance Co.* analysis to breach of contract case arising from hailstorm damage claim).  In *Hartford Ins. Group v. Lou-Con Inc.,* the Fifth Circuit specified that for claims involving the

applicability of the insurance policy to a particular occurrence, the amount in controversy is measured by the "value of the underlying claim." 293 F.3d 908, 911 (5th Cir. 2000).

22. The subject homeowner's policy forms the contractual basis for Plaintiff's breach of contract claim. *See* <u>Exhibit A</u>, *generally*. The policy provides that the limits of coverage to Plaintiff's property at issue is $169,772.00 in dwelling protection, $8,489.00 in other structures protection, and $76,398.00 in personal property protection for a total of $254,659.00 in total policy coverages. *See* <u>Exhibit D</u> (policy declarations sheet).

23. The limits for the insured property implicate an amount in controversy above the jurisdictional threshold. That is, it is the policy which serves as the basis of Plaintiff's breach of contract claim. *See Noyla,* 2013 WL 3353963, at *3 (noting plaintiff's breach of contract claim facially implicated the limits of the policy). Accordingly, Plaintiffs' breach of contract claim alone implicates that the value of the underlying claim is in excess of the jurisdictional limits. When combined with the extra-contractual and statutory damages alleged, the amount is well-above the threshold.

24. Taking into consideration Plaintiff's pleading, the categories of damages asserted, the policy limits applicable to this specific occurrence, the contractual and extra-contractual damages claimed by Plaintiff, Plaintiff's own demand/notice letter (dated December 24, 2018), and Plaintiff's failure to properly and timely file a binding stipulation or affidavit along with their petition, it is clear that the amount in controversy exceeds $75,000.00.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

25. Defendant Allstate was served with Plaintiff's Original Petition and process on May 2, 2019. This notice of removal is filed within 30-day time period provided by 28 U.S.C. §1441(b).

26.     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

27.     Pursuant to 28 U.S.C. §1446(a), and Local Rule 81, all pleadings, process, and orders served upon Defendant in the state court action are attached to this Notice.

28.     Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff, the adverse party.

29.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Atascosa County District Court, promptly after Defendant files this Notice.

## IV.
## CONCLUSION

Based upon the foregoing, the Exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Vehicle Property Insurance Company and Defendant Donald Batchelor hereby remove this case to this Court for trial and determination.

Respectfully submitted,

By: /s/ Robert E. Valdez
**Robert E. Valdez**
State Bar No.20428100
S.D. Tex. Bar No. 9816
revaldez@valdeztrevino.com

**VALDEZ & TREVIÑO**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Dr., Suite 700

>San Antonio, Texas 78230
>Telephone: (210) 598-8686
>Facsimile: (210) 598-8797
>
>*Attorney for Defendant Allstate Vehicle and Property Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record on May 28, 2019 pursuant to the Rule 5 of the Federal Rules of Civil Procedure, via CM/ECF or other electronic means:

Bryant Fitts
Fitts Law Firm, PLLC
4801 Richmond Avenue
Houston, Texas 77027
Tel: (713) 871-1670
Fax (713) 871-1492

>/s/ Robert E. Valdez
>**Robert E. Valdez**