IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA QUINTERO, | § § § | |
| *Plaintiff*, | § § | SA-19-CV-00572-FB |
| vs. | § § § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | § § § § | |
| *Defendant*. | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant Allstate Vehicle and Property Insurance Company's First Amended Motion for Partial Dismissal Under Rule 9(b) and 12(b)(6) [#25]. All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#8]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's motion be **GRANTED**.

**I. Background**

This insurance dispute arises from a hail and windstorm that allegedly caused property damage to Plaintiff's property located at 725 Cimarron Square, Poteet, Texas 78065. Plaintiff's Amended Complaint [#24][1] contends that Defendant Allstate Vehicle and Property Insurance Company insured her property against losses from wind damage but Defendant's estimate undervalued the damage. Plaintiff asserts causes of action against Defendant for breach of

---

[1] Plaintiff's Amended Complaint names both Allstate Vehicle and Property Company and Donald Batchelor. However, the Court dismissed Batchelor from this lawsuit on August 29, 2019 [#22].

1

contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), and breach of the duty of good faith and fair dealing, and she seeks attorney's fees.

Shortly after Plaintiff filed her Amended Complaint, Defendant filed the motion to dismiss that is the subject of this report and recommendation. By its motion, Defendant seeks partial dismissal of Plaintiff's Amended Complaint, arguing that Plaintiff's claims based on misrepresentation and fraud arising under the Texas Insurance Code and DTPA should be dismissed for failure to satisfy the heightened pleadings standards under Rule 9(b) and the general pleading standards under Rule 8.

Defendant's motion was filed on September 19, 2019. According to this Court's Local Rules, Plaintiff's response to the motion was due within 14 days of the motion's filing, on or before October 3, 2019. *See* Loc. R. CV-7(e) (responses to dispositive motions due within 14 days of motion's filing). To date, Plaintiff has not filed a response to the motion. Pursuant to Local Rule CV-7(e), if there is no response filed within the time period prescribed by the rules, the court may grant the motion as unopposed. Nevertheless, because this is a dispositive motion, the Court will evaluate its merits as well.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a

right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570.

Rule 9(b) imposes a heightened pleading standard for claims sounding in fraud. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). The Fifth Circuit has clarified that Rule 9 requires the plaintiff to plead the "who, what, when, where, and how" of the alleged fraud. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997) (quoting *Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994)).

### III. Analysis

Defendant's partial motion to dismiss should be granted. Defendant challenges the sufficiency of Plaintiff's allegations as to her misrepresentation and fraud claims arising under the Texas Insurance Code and DTPA. The requirements of Rule 9(b) "apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically

3

termed fraud." *Partain v. Mid-Continent Specialty Ins. Servs., Inc.*, 838 F. Supp. 2d 547, 557 (S.D. Tex. 2012), *aff'd sub nom. Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388 (5th Cir. 2014) (internal quotation omitted). Texas district courts apply the heightened pleading requirements of Rule 9(b) to claims under the Texas Insurance Code and the DTPA, where such claims are "substantively identical" to a claim of fraud. *Id.*; *see also Jaime v. Allstate Texas Lloyds*, No. 4:17-CV-00253-O-BP, 2017 WL 4676631, at *2 (N.D. Tex. Sept. 29, 2017), *report and recommendation adopted sub nom. Jaime v. Lloyds*, No. 4:17-CV-00253-O-BP, 2017 WL 4620902 (N.D. Tex. Oct. 16, 2017) (collecting cases); *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009).

The factual allegations in Plaintiff's Amended Complaint are insufficient to state claims under the Texas Insurance Code or DTPA based on misrepresentation or fraud and do not satisfy federal pleading standards. Plaintiff alleges Defendant violated Section 541.060(a) of the Texas Insurance Code by engaging in unfair settlement practices. Section 541.060(a)(1) prohibits "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." The only factual allegation regarding any misrepresentation contained in Plaintiff's Amended Complaint is that Defendant sent Plaintiff two letters (dated August 6, 2018 and March 26, 2019) misrepresenting the extent of damage to Plaintiff's property and that the policy at issue provided coverage for some but not all of the damage. (Am. Compl. [#24] at ¶¶ 13, 15, 19.) Plaintiff contends that this conduct constituted knowing and reckless false representations in violation of Section 541.060(a) of the Texas Insurance Code. (*Id.* at ¶¶ 27, 36.) Although Plaintiff identifies the date of the alleged misrepresentations, she does not provide any other details regarding the misrepresentation. Nor does she attach the letters. In short, Plaintiff's allegations are too vague

and conclusory to satisfy the heightened pleading standard as set forth in Rule 9(b) and the related case law.

The same can be said for Plaintiff's claim under the DTPA, which alleges that Defendant failed to disclose information regarding the goods or services sold to Plaintiff at the time of the transaction, and this failure was intended to induce Plaintiff into a transaction she would have not entered but for the lack of disclosure in violation of the DTPA. (*Id.* at ¶ 39.) These allegations merely paraphrase the elements of a claim under the DTPA without providing Defendant with the who, what, when, where, and how of the alleged misrepresentations underlying Plaintiff's claim. *See Williams*, 112 F.3d at 179.

Again, Plaintiff has not filed a response in opposition to Defendant's motion or moved to amend her pleading. The undersigned will therefore recommend the Court grant Defendant's motion to dismiss and dismiss Plaintiff's claims of fraudulent misrepresentation under the Texas Insurance Code and the DTPA (Counts C and D of the Amended Complaint).

## IV. Conclusion and Recommendation

In summary, having evaluated Plaintiff's Amended Complaint under federal pleading standards, the undersigned recommends that Defendant Allstate Vehicle and Property Insurance Company's First Amended Motion for Partial Dismissal Under Rule 9(b) and 12(b)(6) [#25] be **GRANTED** and the District Court dismiss Counts C and D of Plaintiff's Amended Complaint.

## V. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be

filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 12th day of November, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE